507 So.2d 877 (1987)
Jacqueline JENKS
v.
STATE of Louisiana, Houston Darden, JoAnn Darden and XYZ Insurance Company.
No. CA-6352.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1987.
Rehearings Denied June 17, 1987.
James A. Gray, II, Jefferson, Bryan & Gray, New Orleans, for plaintiff.
W. Marvin Hall, Hailey, McNamara, Hall, Larmann & Papale, Baton Rouge, for defendants.
*878 Before REDMANN, GULOTTA, BARRY, LOBRANO and WARD, JJ.
BARRY, Judge.
In this action for the wrongful death of a child in a foster home, the foster parents' homeowner insurer, State Farm Insurance Company, appeals from a jury verdict of $100,000 in favor of the child's natural mother.
On December 1, 1982 fifteen month old Henry Jenks was hospitalized for a severe head injury and died soon after. An autopsy revealed a skull fracture, hemorrhaging under the surface of the scalp, and bleeding in both buttocks. Approximately seven months prior to his fatal injury, Henry had been placed by the State Department of Health and Human Resources in the foster home of Houston and JoAnn Darden.
Henry's natural mother, Jacqueline Jenks, who had placed her son in the custody of the State when he was two months old, filed this wrongful death action against the State, Northbrook Excess and Surplus Insurance Company (the insurer of the State and its foster care program), the foster parents, the Dardens, and their homeowner's insurer. She alleged that the Dardens had engaged in a pattern of intentional child abuse that had culminated in a blow to Henry's head, that each foster parent was negligent by failing to report the other's abuse to the State, and that the State was negligent in placing the child with the Dardens and failing to properly supervise the foster home.
Prior to trial Jacqueline Jenks compromised her claims against the State, its insurer, Northbrook, and the Dardens for $46,000, but reserved her rights against the Dardens' insurer. State Farm's exceptions of no right of action were denied. State Farm's motion for summary judgment was also denied and Jenks proceeded to trial. The jury awarded $100,000 and State Farm appeals.
State Farm claims: (1) and (2) that the trial court erred in failing to sustain its exceptions of no right of action; (3) that the plaintiff failed to carry her burden of proof; (4) that the jury failed to uphold the "intentional act" exclusion; (5) that the jury failed to uphold the "resident insured" exclusion; (6) that the jury award of damages was excessive; and (7) that the award, if any, should be reduced by one-half because State Farm could be held responsible only for its virile share as a solidary obligor.
We find merit in State Farm's fifth argument and pretermit discussion of the other assignments.
State Farm's Homeowner Policy issued to Mr. and Mrs. Darden declares:

SECTION IIEXCLUSIONS
1. Coverage LPersonal Liability and Coverage MMedical Payments to Others do not apply to:
. . . . .
g. bodily injury to you or any insured within the meaning of part (a) or (b) of the definition of insured.
Page two of the policy sets out definitions:
3. (insured) means you and the following residents of your household:
a. your relatives;
b. any other person under the age of 21 who is in the care of any person named above.
Courts must give legal effect to insurance policy provisions when they are clear and express since the policy constitutes a contract between the parties. Cataldie v. Louisiana Health Service and Indemnity Company, 433 So.2d 367 (La.App. 3rd Cir. 1983), affm'd 456 So.2d 1373 (La.1984). Courts have no authority to change or alter its terms under the guise of interpretation. Remondet v. Reserve National Insurance Company, 433 So.2d 792 (La.App. 5th Cir. 1983) writ denied 441 So.2d 216 (La. 1983).
Any exclusion from coverage must be clear and unmistakable. Landry v. Louisiana Hospital Service, Inc., 449 So.2d 584 (La.App. 1st Cir.1984). Ambiguities are resolved in favor of the insured and against the insurer. An ambiguous provision will be interpreted liberally in favor of coverage. Pomares v. Kansas City Southern *879 Railway Company, 474 So.2d 976 (La.App. 5th Cir.1985), writ denied 477 So.2d 1131 (La. 1985). Homeowner's insurance policies often exclude coverage to persons residing on the premises. 12 Couch on Insurance 2d § 44A: 92 (2d ed. 1981). Exclusion of bodily injury to an insured from policy coverage has been held not to violate public policy in Louisiana. Marchese v. State Farm Fire and Casualty Company, 396 So.2d 490 (La.App. 4th Cir.1981).
Excluded under State Farm's policy are bodily injuries to "any insured." An insured is defined as "you and the ... residents of your household" including "any other person under the age of 21 who is in the care of" any insured.
To be considered an insured Henry had to be under the age of 21, in the care of an insured, and a resident of the Darden household. "In the care of any insured" has been construed to find coverage for a 14 year old under a homeowner's policy issued to the man with whom the mother of the child was living and sharing expenses. U.S. Fidelty & Guaranty Company v. Richardson, 486 So.2d 929 (La.App. 1st Cir.1986). Clearly, Henry is under the age of two and was placed in the care of Mr. and Mrs. Darden as foster parents means "in the care of" as provided in the policy.
Whether the child was a resident of the Darden household is the crucial question. Resident has been found to have many definitions and meanings. Its construction depends on the context and the subject matter and "its meaning is to be determined from the facts and circumstances taken together in each particular case." Bearden v. Rucker, 437 So.2d 1116, 1120 (La.1983), quoting Mathis v. Employers' Fire Insurance Company, 399 So.2d 273 (Ala. 1981).
In Black's Law Dictionary (5th Ed. 1979) resident is defined as "a dweller, habitant or occupant; one who resides or dwells in a place for a period of more, or less, duration; it signifies one having a residence, or one who resides or abides." Household is defined as "[a] family living together.... Those who dwell under the same roof and compose a family."
Household embraces a collection of persons as a single group with one head living together under one roof. It is "a `collective body of persons living together within one curtilage, subsisting in common and directing their attention to a common object, the promotion of their mutual interests and social happiness.'" Hernandez v. Comco Insurance Company, 357 So.2d 1368, 1370-71 (La.App. 4th Cir.1978), writ denied 359 So.2d 1305 (La. 1978), quoting Leteff v. Maryland Casualty Company, 91 So.2d 123 (La.App. 1st Cir.1956). See also Mims v. State Farm Insurance Company, 478 So.2d 967 (La.App. 5th Cir.1985), writ denied 482 So.2d 630 (La.1986); Kemp v. State Farm Fire and Casualty Company, 442 So.2d 642 (La.App. 1st Cir.1983), writ denied 444 So.2d 1224 (La.1984).
In construing the phrase "resident of the same household" in the context of a legally separated wife, the Supreme Court stated the determination did not depend solely on whether the couple was living under the same roof. The court emphasized membership in a group rather than attachment to a building and noted it was a matter of intention and choice rather than location. Bearden v. Rucker, supra.
Although the parties have not cited nor have we found Louisiana jurisprudence on the issue of whether a foster child living in a home for an indeterminate period of time is covered by the foster parents' homeowner's insurance policy, other jurisdictions have resolved that question. In A.G. By Waite v. Travelers Insurance Company, 112 Wis.2d 18, 331 N.W.2d 643 (1983), the Court of Appeals was faced with the question of whether a foster child was excluded from the foster mother's homeowner's policy. The court considered three factors: (1) whether the child was living under the same roof; (2) in a close, intimate and informal relationship; and (3) where the duration was likely to be substantial, whether it was consistent with the relationship to conclude the parties would consider the relationship when contracting *880 about insurance. The court held the foster child in a family owned foster home under a one year dispositional order was a resident of the household. See also Goller v. White, 20 Wis.2d 402, 122 N.W.2d 193 (1963).
This court has held that the phrase "residents of the named insured's household" is not ambiguous as applied to particular situations (e.g., a child's residency in his mother's household). Schoemann v. Skate Country, Inc., 459 So.2d 743 (La.App. 4th Cir.1984). We do not find this policy's language ambiguous under these circumstances. Henry was residing with the Dardens as a foster child. He had been living under the same roof for many months and would have continued to live with them for an indefinite period of time had the tragic injury not occurred. Henry was placed in the home in order that the Dardens could supply a parental and family relationship.
The policy's exclusion is clear and unambiguous. The only possible ambiguity occurs in the definition of insured in the inclusionary language of the policy. Even if the phrase is considered ambiguous, the ambiguity would generally be resolved in favor of coverage. In this instance if the child is covered under the policy, as a result of the exclusion of the bodily injury of an insured, recovery under the homeowner's policy must be denied. In situations in which the foster child committed a tortious act upon a third party, the resolution in favor of coverage would compel the insurance company to defend the insured foster parents. In A.G. By Waite v. Travelers Insurance Company, 331 N.W.2d at 647, the Wisconsin Court of Appeals recognized these considerations: "The case becomes a two-edged sword; and neither the insurance companies nor the insureds should be able to fence with both sides of it."
We find that under the policy language at issue Henry Jenks was a resident of the Darden household and in the care of defendant's insured. Thus, the child was an insured and his bodily injury expressly excluded from coverage under State Farm's homeowner policy.
The judgment is reversed.
REVERSED.
GULOTTA, J., dissents with reasons.
LOBRANO, J., dissents for reasons assigned by GULOTTA, J.
GULOTTA, Judge, dissents with reasons.
I dissent from the majority's opinion that the fatal injuries to Henry Jenks are excluded from coverage under the State Farm policy as injuries to an "insured".
Cases interpreting the identical policy exclusion have held that the phrase "residents of the same household" is ambiguous and imprecise in meaning. Bearden v. Rucker, 437 So.2d 1116 (La.1983); Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La.1981), on rehearing. In Bearden v. Rucker, supra, the Supreme Court held that the controlling test whether persons are residents of the same household at a particular time is not solely a matter of location, i.e., whether the people are residing together under one roof, but rather one of intention and choice of membership in a group residing together. Ambiguous exclusionary clauses in insurance policies are strictly construed against the insurer and liberally in favor of coverage. Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983).
Applying these authorities to the facts of the instant case, I conclude that the "resident insured" exclusion of the policy should not be interpreted to deny coverage. Although Henry was living with the Dardens at the time of his injury, it is significant that he was a child in temporary care in a "foster home" as provided in LSA-R.S. 46:281 et seq. Under this statutory scheme, the Dardens had signed a "contract to care for foster children" and were providing "foster care services" to a ward of the State. Although Mrs. Darden testified that she and her husband had bought some of Henry's clothes, the Dardens were *881 receiving a clothing allowance and monthly payments from the State for providing foster care to Henry. Under these circumstances, because he was only temporarily staying with the Dardens under a contractual agreement with the State, I conclude that Henry was not a resident of the household in the care of the insured within the meaning of the policy exclusion.
Although we have not been cited nor have we found any Louisiana cases dealing with foster children on this issue, an Illinois case, Country Mutual Insurance Company v. Watson, 1 Ill.App.3d 667, 274 N.E.2d 136 (1971), held that a foster child placed for an indeterminate period of time in the insured's home used as a "temporary care facility" was not a "resident" of the insured's household under a similar policy exclusion. The court in Watson noted that a critical element of residency, an intention to make a permanent abode, was lacking in the case where it was never intended that any child placed in the home would remain there permanently, and where the insured foster parent received funds from the State for foster child placement. I find the Watson case persuasive in concluding that the policy exclusion does not apply in our case.
In so holding, I distinguish United States Fidelity and Guar. v. Richardson, 486 So.2d 929 (La.App. 1st Cir.1986), relied on by State Farm. In Richardson, a 14 year old girl, the daughter of the named insured's live-in girlfriend, resided with her mother in the named insured's house. The girl was found to be an "insured" within the policy meaning since she was in "the care of" the named insured who let her stay in his home, and who shared living expenses with the girl's mother, even though he was not the girl's legal guardian. The situation in the cited case is quite different from the instant case, however, since Henry was a foster child who stayed temporarily with the Dardens under a fee contract with the State.
Accordingly, because I conclude that the policy does not exclude coverage in this case, I respectfully dissent.
LOBRANO, Judge, dissenting.
I dissent for the reasons assigned by Gulotta, J.