JEFFREY KRUGER, Plaintiff Appellant v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant Appellee

No. 904SC1155

(Filed 7 May 1991)

**Insurance § 82 (NCI3d) — automobile insurance — coverage for non-insured auto — owned by spouse at time of marriage**

The trial court properly denied insurance coverage for William Baker in favor of Jeffrey Kruger where William Baker and Jeffrey Kruger were in a collision on 3 December 1985; a judgment was entered against William Baker in favor of Jeffrey Kruger; William Baker and Rebecca Grady had been married on 23 November 1985; Rebecca at that time owned an automobile which was covered by an insurance policy issued by defendant; William at that time owned an automobile which was not covered by that or any other policy and which he was driving in the collision with Kruger; and William was a covered person under Rebecca's policy, but his car was not a covered automobile because it was not listed in the declarations of the policy, it did not replace a car listed in the declarations and he did not acquire it as a spouse of a named insured.

**Am Jur 2d, Automobile Insurance § 172.**

APPEAL by plaintiff from judgment entered 29 August 1990 in ONSLOW County Superior Court by *Judge Ernest B. Fullwood.* Heard in the Court of Appeals 17 April 1991.

*Brumbaugh, Donley & Mu, by Richard A. Mu, for plaintiff-appellant.*

*Wallace, Morris, Barwick & Rochelle, P.A., by Paul A. Rodgman and Martha B. Beam, for defendant-appellee.*

GREENE, Judge.

The plaintiff appeals from a judgment entered 29 August 1990 wherein the trial court concluded that the defendant had no contractual obligation to satisfy a judgment entered against William Baker (William) in favor of Jeffrey Kruger (plaintiff).

On 23 November 1985, William and Rebecca Grady (Rebecca) were married. At that time, Rebecca owned an automobile which

## KRUGER v. STATE FARM MUT. AUTO. INS. CO.

[102 N.C. App. 788 (1991)]

was covered by an insurance policy (Policy) issued by the defendant, State Farm Mutual Automobile Insurance Company (State Farm). William also owned a car which he purchased in August of 1985, but his car was not listed as a covered automobile on Rebecca's Policy or any other insurance policy.

On 3 December 1985, the plaintiff was driving his motorcycle on U.S. Highway 258 in Lenoir County, North Carolina. William was also on that highway, driving his car. William's car and the plaintiff's motorcycle collided. At the time of the collision, William and Rebecca were living together as a married couple. On 4 December 1985, William applied for an automobile insurance policy with State Farm.

As a result of the collision, the plaintiff sued William, received a jury trial, and a judgment was entered in favor of the plaintiff against William on 8 September 1988 for $35,000 plus costs and interest. Because State Farm denied coverage for William, the plaintiff filed suit against State Farm seeking to obtain a judicial determination that State Farm was obligated to provide coverage for William pursuant to the Policy. In a non-jury trial, the trial court determined that because William's car was not a covered automobile under the Policy, the Policy excluded coverage for William arising from the collision, even though William was a "covered person" under the Policy.

---

The issue is whether the Policy excludes coverage for William arising from his collision with the plaintiff.

"[A]n insurance policy is a contract and its provisions govern the rights and duties of the parties thereto. *Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 380, 348 S.E.2d 794, 796 (1986). "[T]he intention of the parties controls any interpretation or construction of the contract, and intention must be derived from the language employed." *Id.* Our courts have a "duty to construe and enforce insurance policies as written, without rewriting the contract or disregarding the express language used. . . . The duty is a solemn one, for it seeks to preserve the fundamental right of freedom of contract." *Id.* at 380-81, 348 S.E.2d at 796 (citation omitted).

"The words used in . . . [an insurance] policy having been selected by the insurance company, any ambiguity or uncertainty

as to their meaning must be resolved in favor of the policyholder, or the beneficiary, and against the company." *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970). "When the policy contains a definition of a term used in it, this is the meaning which must be given to that term wherever it appears in the policy, unless the context clearly requires otherwise. . . . In the absence of such definition, nontechnical words are to be given a meaning consistent with the sense in which they are used in ordinary speech, unless the context clearly requires otherwise. . . . If such a word has more than one meaning in its ordinary usage and if the context does not indicate clearly the one intended, it is to be given the meaning most favorable to the policyholder, or beneficiary, since the insurance company selected the word for use." *Id.* (citations omitted). When construing coverage provisions of an automobile insurance policy, provisions "which extend coverage must be construed liberally so as to provide coverage, whenever possible by reasonable construction." *State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986). Furthermore, provisions excluding coverage "are to be construed strictly so as to provide the coverage, which would otherwise be afforded by the policy." *Wachovia*, 276 N.C. at 355, 172 S.E.2d at 522-23.

"[T]he burden of proving coverage under a policy of insurance is on the party claiming benefits under the policy, but the burden of showing an exclusion or exception to policy coverage is on the insurer." *Walker v. Durham Life Ins. Co.*, 90 N.C. App. 191, 193, 368 S.E.2d 43, 45 (1988). The Policy provides that State Farm "will pay damages for bodily injury or property damage for which any **covered person** becomes legally responsible because of an auto accident." Both parties agree that William was a "covered person" under the Policy. William was found by a jury in a separate lawsuit to be legally responsible for damages to the plaintiff as a result of his collision with the plaintiff. Therefore, the plaintiff met his burden of showing coverage under the policy, and the burden was on State Farm to show application of an exclusion.

The defendant argues that it met its burden by showing that William's car was not a "covered auto" under the Policy, and therefore, its denial of coverage was proper. We agree.

The pertinent provisions of exclusion provide:

KRUGER v. STATE FARM MUT. AUTO. INS. CO.

[102 N.C. App. 788 (1991)]

We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle, other than **your covered auto**, which is:

   a. owned by you; or

   b. furnished for your regular use.

2. Any vehicle, other than **your covered auto**, which is:

   a. owned by any **family member**; or

   b. furnished for the regular use of any **family member**.

An exception to this exclusion exists. However, this exception was not argued nor does it apply on these facts. From the clear language of these provisions of exclusion, if William's car was not a "covered auto," State Farm is not liable to the plaintiff for any coverage.

The Policy provides that the terms "you" and "your" refer throughout the Policy to the named insured and her spouse, if the spouse resides in the same household as the named insured. At the time of the collision, William was residing in the same household as Rebecca. The Policy defines "your covered auto" in pertinent part as follows:

1. Any vehicle shown in the Declarations.

2. Any of the following types of vehicles on the date you become the owner:

   a. a private passenger auto; . . .

   If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced.

   If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations, if you

   a. acquire the vehicle during the policy period; and

   b. ask us to insure it:

   (1) during the policy period; or

   (2) within 30 days after you become the owner.

William's car was not listed in the Declarations of the Policy. Therefore, for it to be classified a "covered auto," it must fall within the second definition listed above.

The second definition lists the two methods by which a car not shown in the Declarations will be classified a "covered auto." The first method occurs when the car shown in the Declarations is replaced with another car. A replacement did not occur in this case. William's car did not replace Rebecca's car, and the parties stipulated to this fact.

The second method occurs when a car is acquired by the named insured or her spouse *during* the policy period *and* there is a timely request that the car be insured. The word "acquire" means "to come into possession, control, or power of disposal of. . . ." Webster's Third New International Dictionary 18 (1968). Here, William came into possession, control, and power of disposal of his car in August of 1985. At that time, William was not a spouse of a named insured under the Policy. Because William did not acquire his car as a spouse of a named insured, even assuming he acquired it during the policy period, his car cannot be considered a "covered auto" under the second method. Because William's car is not a "covered auto" under the Policy, the Policy's exclusion of coverage applies, and the trial court properly denied coverage for William arising from his collision with the plaintiff.

Affirmed.

Judges PHILLIPS and PARKER concur.