STATE FARM FIRE & CASUALTY,
Plaintiff,

v.

Rachel Nicole VAUGHN a/k/a Euniceeah Thornton, Gregory Thornton, and Nancy Thornton, Defendants.

No. NA 90–134–C.

United States District Court,
S.D. Indiana,
New Albany Division.

Sept. 15, 1992.

Jeffrey A. Doty, Kightlinger & Gray, Indianapolis, Ind., for plaintiff.

John R. Vissing, Michael A. Gillenwater, Jeffersonville, Ind., for defendants.

ENTRY

BARKER, District Judge.

Before the Court is a dispute over the meaning of an insurance policy—specifically whether a homeowner's policy that State Farm ("Plaintiff") issued to Gregory Thornton requires Plaintiff to provide a defense for Gregory and Nancy Thornton

(collectively the "Thorntons") in a suit filed on behalf of Rachel Nicole Vaughn a/k/a Euniceeah Thornton ("Ms. Vaughn") in Clark County Superior Court, and whether Plaintiff must pay any judgment which may be rendered there. Plaintiff seeks a declaratory judgment that no coverage is warranted. Both the Thorntons and Plaintiff have presented the Court with summary judgment motions; for the reasons set forth below, the motions are denied respectively.

## BACKGROUND

Plaintiff issued a homeowner's insurance policy to Gregory E. Thornton for the period January 31, 1988 through January 31, 1989, which contained the following provisions:

## DEFINITIONS

1. "bodily injury" means bodily harm, sickness or disease. This includes required care, loss of services and death resulting therefrom. Bodily injury does not include any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any insured to any other person. It also does not include the exposure to any such disease, bacteria, parasite, virus, or other organism by any insured to any other person.

    \*     \*     \*     \*     \*     \*

4. "insured" means you and, if residents of your household:

  a. your relatives;

  b. any other person under the age of 21 who is in the care of a person described above.

    \*     \*     \*     \*     \*     \*

---

1. Ms. Vaughn's complaint against the Thorntons states in relevant part:

(9) That on or about August, 1987, through the efforts of the Defendant W. Waverly Townes, the Plaintiff was placed into the custody of the Defendants Gregory Thornton and Nancy Thornton, husband and wife, at their residence at 1709 Northaven [sic] Drive, Jeffersonville, Clark County, Indiana;

## SECTION II—EXCLUSIONS

a. bodily injury or property damage:

(1) which is either expected or intended by an insured; or

(2) to any person or property which is the result of willful and malicious acts of an insured;

    \*     \*     \*     \*     \*     \*

h. bodily injury to you or any insured within the meaning of part a. or b. of the definition of insured;

*See* Complaint, Exhibit B at 1, 15.

On December 21, 1989, a complaint was filed in Clark County Superior Court on behalf of Ms. Vaughn against the Thorntons. The complaint alleged that Ms. Vaughn had been placed in the custody of the Thorntons at their residence at 1709 North Haven Drive, Jeffersonville, Clark County, Indiana, and that on or about April 10, 1988, they physically abused her.[1] The issues in that case remain unresolved. Regrettably, the record before this Court contains no information regarding Ms. Vaughn's age, why she allegedly was placed in the Thorntons' care, and by what authority. The Thorntons have sought coverage under the aforementioned homeowner's policy for their defense against Ms. Vaughn's suit as well as for any judgment which may be rendered against them.

Plaintiff filed his complaint with this Court on September 24, 1990, seeking a declaratory judgment that the Thorntons were excluded from coverage under the terms of their insurance contract. Plaintiff presents two alternative theories justifying this conclusion: (1) the policy excludes all bodily injury to any insured, and Ms. Vaughn, the injured party, is an insured under the policy; and (2) Ms. Vaughn's injuries occurred as a consequence of the Thornton's intentional acts. *See* Complaint at ¶ 9.

(11) That on or about April 10, 1988, while in the care, custody and control of the Defendants Gregory and Nancy Thornton, the Plaintiff was shaken, struck or otherwise mistreated, resulting in serious, permanent and irreparable head and spinal injury to the Plaintiff which then required immediate extensive medical treatment.

**1448**

The Thorntons' denied these allegations in their answer, and attacked the propriety of declaratory relief because, in their view, it will not resolve the issues in dispute, and in any event these will be decided in the suit pending in Clark County Superior Court. *See* Answer at ¶¶ 3, 4. The Thorntons now move for summary judgment, reiterating their objections to declaratory relief by arguing that the proceeding in Clark County Superior Court would determine whether the Thorntons' alleged abusive acts were intentional. Plaintiff also seeks summary judgment on the limited grounds that Ms. Vaughn is subject to the bodily injury exclusion for insureds.[2]

## DISCUSSION

■ The Court begins its analysis by noting the propriety of declaratory relief to determine an insurer's obligations with respect to an underlying lawsuit against an insured. Under 28 U.S.C. § 2201, a court may declare the "rights and other legal relations of any interested party seeking such declaration" provided that there exists an "actual controversy". The United States Supreme Court long ago held that the relevant inquiry in deciding whether such a controversy exists is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). A dispute over the scope of insurance coverage is an "actual controversy" within the meaning of the statute, *see id.* at 272, 61 S.Ct. at 512; *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–42, 57 S.Ct. 461, 464–65, 81 L.Ed. 617 (1937), thereby opening the avenue of declaratory relief to Plaintiff.

■ The Thorntons contend that declaratory judgment is not appropriate because another pending lawsuit will satisfactorily resolve their dispute with the Plaintiff. This argument lacks merit. While the general proposition that "[t]he use of a declaratory judgment is discretionary with the court and is usually unnecessary where a full and adequate remedy is already provided by another form of action", *see* Plaintiff's Brief in Support of Motion for Summary Judgment, at 2, *citing Volkswagenwerk, A.G. v. Watson*, 181 Ind.App. 155, 390 N.E.2d 1082, 1085 (1979), has long been accepted in Indiana courts, *see Brindley v. Meara*, 209 Ind. 144, 198 N.E. 301 (1935), even if this Court were to adopt such a procedural ruling, *see generally Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), by its own terms it is not applicable to the case *sub judice* because the other action will not resolve all of the issues presently in dispute. For example, Plaintiff asks this Court to determine, *inter alia*, whether it has a duty to defend the Thorntons in proceedings before the Clark County Superior Court. *See* Complaint, at 5. That court's ruling on the allegations contained in Ms. Vaughn's complaint against the Thorntons obviously would not resolve Plaintiff's duty concerning the Thorntons' defense, however, coming as it would at the close of the proceedings when Plaintiff's obligation would be at an end.

Both the Thorntons and Plaintiff move the Court to grant summary judgment. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

**2.** The Thorntons and Plaintiff dispute whether Ms. Vaughn is an "insured" within the meaning of the policy. Plaintiff contends that she was "in the care" of the Thorntons at the time she received her injuries, and therefore must be an "insured" under the policy who is subject to the exclusion stated in Part (h), *supra*. *See* Plaintiff's Reply Brief, at 2–3. The Thorntons deny this contention. They argue that "in the care" is ambiguous, and that because Ms. Vaughn was never "properly" "in the care" of the Thorntons, she can not be an "insured." *See* Thorntons' Responsive Brief, at 2–3. Neither party addresses the issue of whether Ms. Vaughn was "under the age of 21" at the time of the incidents alleged.

law." Fed.R.Civ.Proc. 56(c). In passing on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or determine the truth of the matter, but it is instead to decide whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). The burden rests squarely on the party moving for summary judgment to show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

█ Neither party has met its burden under the standard articulated in *Celotex, supra,* and the Court consequently is constrained to deny their respective motions for summary judgment. The Thorntons submit that summary judgment should be granted because "[t]he issue whether [Ms. Vaughn's] injuries were the result of an accident or the intentional acts of Gregory Thornton will be resolved in the suit pending in Clark County Superior Court." Memorandum in Support of Motion for Summary Judgment, at 5. But even if the Clark County court were to find that the Thorntons did not intentionally injure Ms. Vaughn, the issue whether she was an "insured" within the policy would still remain.[3] The latter is an independent basis for exclusion under the terms of the policy, making summary judgment on the question of Plaintiff's liability inappropriate given the narrow grounds that the Thorntons present.

█ Although there is no shortage of arguments from either side concerning Ms. Vaughn's status as an "insured" and the nature of her relationship with the Thorntons,[4] the factual record is not so contentious. Rather, it is empty on the precise issues that are at the heart of the present dispute: whether Ms. Vaughn was under the age of 21 and whether she was a resident in the Thornton's home and was "in their care" at the time she sustained her injuries. These issues are material to the dispute because they are elements of the definition of "insured." If Ms. Vaughn can be so characterized, the Plaintiff would be entitled to judgment as a matter of law. Section II, Part (h) of the policy clearly explains that "insured" individuals are not eligible for coverage for bodily injuries.

█ The Thorntons contend that certain terms in the policy are vague. But if there is any ambiguity in the contested insurance contract, there certainly is none in Rule 56: to prevail on a motion for summary judgment the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" must show that there is no genuine issue as to any material fact. Fed.R.Civ.Proc. 56(c). Here, however, there were no depositions or interrogatories, and the admissions and single affidavit that the Thorntons submitted were silent on the question of the nature of Ms. Vaughn's relationship with the Thorntons, and whether she could be characterized as an insured. Although the pleadings made reference to Ms. Vaughn's relationship with the Thorntons, there was

---

3. The parties seemingly have framed their respective arguments with little consideration given to the other's point of view. For example, in the conclusion to their brief in support of summary judgment, the Thornton's attempt to characterize their differences with the Plaintiff as centering on just one issue: "whether [Ms. Vaughn's] injuries were the result of an accident or the intentional acts of Gregory Thornton". Memorandum in Support of Motion for Summary Judgment, at 5. This of course completely ignores the other theory upon which Plaintiff relies: that Ms. Vaughn was an insured under the policy. *See* Complaint, at ¶ 9. In the same way, Plaintiff states that "it is undisputed that [Ms. Vaughn], the injured party, is an insured under the policy", *see* Plaintiff's Brief in Support

of Summary Judgment, at 1, even though the Thornton's denied the allegations in paragraph nine (9) of the Complaint which clearly characterize Ms. Vaughn as an insured. *See* Thorntons' Answer, at ¶ 5.

4. The arguments contained in the accompanying briefs can not form a basis for the Court's ruling today. "Purported statements of fact in a party's brief or memorandum of law submitted on a motion for summary judgment are not sufficient to raise an issue of fact and will not be considered by the court in deciding the motion...." Federal Procedure § 62:608 (1988); *see also Macklin v. Butler*, 553 F.2d 525, 528 (7th Cir.1977).

no definitive proof presented that Ms. Vaughn in fact was a resident of the Thornton home and was in the Thornton's care. Although Plaintiff has brought to the Court's attention a complaint that was filed in another court, the allegations it contains are not dispositive of the issues that would allow the Court to grant summary judgment. The complaint was not verified and so may not be relied upon for purposes of passing on a motion for summary judgment. *See, e.g., Ratner v. Young,* 465 F.Supp. 386, 389 (D.V.I.1979) ("A party's unsworn pleadings will not suffice to contest the factual matters offered in support of the motion."); *see generally* Federal Procedure § 62:606 (1988) ("While FRCP 56 provides that pleadings in a case may be considered in a summary judgment proceeding, the extent to which they may be so considered is dependent upon whether they are verified."). The Thornton's also have conceded nothing; their answer merely acknowledges that the Clark County complaint contains various allegations relating to the abuse of Ms. Vaughn. Most importantly, they denied paragraph nine (9) of the Complaint, which alleged bodily injury to an insured.

Plaintiff directs the Court to the holding in *Jenks v. State,* 507 So.2d 877 (La.App. 4 Cir.1987), *writ dismissed,* 513 So.2d 294 (La.1987), where a child's injury in his foster parents' home was found to be expressly excluded from coverage under the parents' homeowner's policy. The *Jenks* court adopted the test from *A.G. By Waite v. Travelers Insurance Co.,* 112 Wis.2d 18, 331 N.W.2d 643 (App.1983), to determine whether the child should be excluded from coverage: "(1) whether the child was living under the same roof; (2) in a close, intimate and informal relationship; and (3) where the duration was likely to be substantial, whether it was consistent with the relationship to conclude the parties would consider the relationship when contracting about insurance." *Jenks,* 507 So.2d at 879–880. But even if this Court were to apply the same standard, it has no basis to determine whether Ms. Vaughn would satisfy any of the criteria listed above. In *Jenks,* the child was a foster child who had been

placed by the Louisiana State Department of Health and Human Resources in the foster parents' home. Here, in contrast, the Court is asked to rely on allegations in a complaint from another proceeding to substantiate Plaintiff's own contention that Ms. Vaughn was a resident of the Thornton home and was in the care of the Thorntons.

■ Summary judgment is inappropriate where neither party has tendered any evidence at all on the central issue in the case. *See Anton v. Lehpamer,* 584 F.Supp. 1382, 1386 (N.D.Ill.1984). In the absence of any evidence on the precise nature of Ms. Vaughn's relationship with the Thorntons, the Court must conclude that the Plaintiff and the Thorntons have failed to carry their respective burdens in showing an "absence of evidence to support the nonmoving party's case", *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554. Both motions for summary judgment consequently must be denied.

### CONCLUSION

In accord with the discussion above, Plaintiff's motion for summary judgment is DENIED, and the Thorntons' motion for summary judgment is DENIED.

It is so ORDERED.