NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff v. QUEEN ANN ANDERSON, Administratrix, of the ESTATE OF KEVIN ANDERSON, DAVID WILEY, WAYNE ENOCH, and KIM WILEY, Defendants

No. 9415SC245

(Filed 21 February 1995)

### 1. Insurance § 719 (NCI4th)— homeowners insurance—girlfriend's child "in care of" insured—coverage for tort

An eighteen-year-old child of insured's live-in girlfriend was "in the care of" the insured and was thus covered by the insured's homeowners policy, even though he had a full-time job and paid some of his own support, where he was a resident of the insured's household, the insured had participated in rearing the child since he was very young, and the child was still dependent on the insured and his mother for the basic necessities of food, clothing and shelter.

**Am Jur 2d, Insurance §§ 475 et seq.**

### 2. Declaratory Judgment Actions § 27 (NCI4th)— insurance coverage of tortfeasor—right of administratrix to appeal

The administratrix who filed a wrongful death action against the tortfeasor had a right to appeal a declaratory judgment that the tortfeasor was not insured by a homeowners policy where she was a proper party to the declaratory judgment action even though the tortfeasor did not appeal. To allow the insurance company to name her as a party, yet deny her the right to appeal, would open the door to collusion between a virtually judgment proof defendant and an insurer.

**Am Jur 2d, Declaratory Judgments §§ 244, 245.**

Appeal by defendant Anderson from order entered 6 December 1993 by Judge George R. Green in Alamance County Superior Court. Heard in the Court of Appeals 24 October 1994.

Brenda Knight and her son, Wayne Enoch, lived with John Gwynn in Gwynn's home. On 5 July 1988, Enoch visited with Kim Wiley and her cousin, Kevin Anderson, at David Wiley's home. While there, Enoch retrieved Wiley's shotgun to show Anderson how it works. As he turned to leave the room, the shotgun discharged and mortally wounded Anderson. Anderson's estate filed a wrongful death action against both Enoch and Wiley. Nationwide Mutual Insurance

**NATIONWIDE MUTUAL INS. CO. v. ANDERSON**

[118 N.C. App. 92 (1995)]

Company (Nationwide) received notice of the claim and denied liability, contending that Enoch was not an insured under Gwynn's homeowner's policy. Regardless, Nationwide proceeded to defend Enoch while reserving its rights to deny coverage.

On 4 December 1990, Nationwide filed a declaratory judgment action against defendants seeking a determination of whether Enoch was an insured under the policy. The policy defines an insured as:

3. "insured" means you and residents of your household who are:

    a. your relatives; or

    b. other persons under the age of 21 and in the care of any person named above.

Nationwide moved for summary judgment and, on 5 July 1991, the court entered an order stating that Nationwide was not obligated to provide insurance coverage for Enoch because he was not an insured under the policy. Defendant Anderson appealed that order and on 20 July 1993, a panel of this Court vacated the order after concluding that it was entered out of county and out of term without consent of the parties. Plaintiff moved for summary judgment a second time in November of 1993 and, again, the trial court granted summary judgment for plaintiff on the ground that Enoch was not an insured under the policy. From this order, defendant Anderson appeals.

*Harris & Iorio, by Douglas S. Harris, for defendant appellant.*

*Bryant, Patterson, Covington & Idol, P.A., by David O. Lewis, for plaintiff appellee.*

ARNOLD, Chief Judge.

[1] Defendant argues that the trial court erred in granting summary judgment for plaintiff. She contends that because Enoch was under twenty-one and a resident of Gwynn's household, a jury question was presented as to whether he was "in the care of any person named above." Nationwide concedes that Enoch was a resident of Gwynn's household and under the age of twenty-one, but denies he was "in the care of" Gwynn.

When nontechnical words used in a policy are not defined, they "are to be given a meaning consistent with the sense in which they are used in ordinary speech." *Kruger v. State Farm Mut. Auto. Ins.* Co., 102 N.C. App. 788, 790, 403 S.E.2d 571, 572 (1991). If the words are

subject to more than one meaning, they should be given the meaning most favorable to the policyholder and provisions extending coverage must be construed liberally. *Id.* "Under the care of another" has been interpreted to mean persons who are "under the guidance, supervision, control, management or custody of another." 7A John A. Appleman, *Insurance Law and Practice* § 4501.04, at 257 (Walter F. Berdal, ed. 1979). We believe, however, that the phrase encompasses much more than control or supervision and extends to the realities of providing life's basic necessities.

We have found no North Carolina decisions interpreting this phrase, but decisions from two other jurisdictions provide some guidance. In *State Farm Fire & Casualty Company v. Odom,* a mother and her young child were living with the insured in his home. *State Farm Fire & Cas. Co. v. Odom,* 799 F.2d 247 (6th Cir. 1986). While the insured was watching the child, she slipped and fell into a bucket of scalding water, and eventually died from the injury. *Id.* After her mother brought a wrongful death action against the insured, his insurance company denied coverage based on a policy exclusion. *Id.* Unlike this case, the insurance company claimed the child *was* an insured under an identical definition. *Id.* The court did not believe the phrase "in the care of" was ambiguous, nor did it believe it was limited in meaning to legal care, and held that the child was in the care of the insured because they functioned as a family and the named insured provided housing, clothing, food, and care for the child. *Id.*

In *United States Fidelity & Guaranty Company v. Richardson,* the court reached a similar conclusion. *United States Fidelity & Guaranty Co. v. Richardson,* 486 So.2d 929 (La. App. 1986). In *Richardson,* a woman and her fourteen year old daughter lived with the insured. *Id.* Under essentially the same definition of insured, and under facts far less compelling than this case, the court concluded that the woman's daughter was in the care of the insured. *Id.* In so concluding, the court noted that the insured let the child stay in his home, paid for maintenance of the home and other expenses, and allowed the child's mother to devote more of her income to the child's needs. *Id.*

In this case, Enoch and his mother moved in with Gwynn when Enoch was very young and, although Gwynn did not "function" as his father, he talked to him like a father and participated in raising him. Gwynn provided a home for Enoch and his mother. Moreover, he bought Enoch clothes and fed him. Gwynn and Enoch's mother never

married but Enoch repeatedly referred to Gwynn as his step-dad. At the time of the accident, Enoch, who had dropped out of school after tenth grade, worked full-time, paid $20.00 rent every two weeks, paid the electric bill, maintained his own car insurance and performed some household chores such as mowing the lawn. Gwynn and Enoch's mother paid for all other expenses, including food and clothing.

We believe Enoch was in the care of the insured. While Gwynn never married Enoch's mother, they, along with Enoch's young half-brother by Gwynn, operated as a family. Appellee's attempts to distinguish the cases cited above on the basis that the children involved were minors at the time of the incidents is unavailing. Enoch was eighteen at the time of the incident and, while he did provide for his own support in some ways, he was still dependent on Gwynn and his mother for the basic necessities of food, clothing, and shelter. Furthermore, the policy itself does not make this distinction. Therefore, we hold that the court erred in granting summary judgment for Nationwide and in determining that Enoch was not an insured under the policy.

[2] Appellee argues that Enoch is not entitled to coverage because he did not contest this declaratory judgment action and did not appeal from the summary judgment order. Appellee contends that even though appellant was a party to the declaratory judgment action, she has no right to appeal the order because the judgment is final as to Enoch given his failure to appeal. Notably, appellee does not cite any authority in support of this argument and we strongly disagree with its position.

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." N.C. Gen. Stat. § 1-260 (1983). Clearly, appellant was a proper party to the declaratory judgment. Indeed, she was made a party by the appellee itself, as is often done in this type of case. "As a general rule a party or a privy to the record, or one who is injured by the judgment, or who will be benefited by its reversal, may appeal . . . . Any person may appeal or bring error, if he was a party to the action or proceeding below." 4 C.J.S. *Appeal and Error* § 156 (1993).

Appellant has more than an incidental or indirect interest in this matter, particularly since it will be conclusive on the issue of cover-

age, and as a party to the action this appeal presents her sole opportunity to contest the court's decision. Furthermore, to allow the insurance company to name her as a party, yet deny her the right to appeal, would open the door to collusion between a virtually judgment proof defendant and an insurer.

The order of the trial court is reversed and this case is remanded for entry of judgment for defendant Anderson.

Reversed and remanded.

Judges COZORT and LEWIS concur.