LUCY B. STRICKLAND, Plaintiff v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant

No. 98-816

(Filed 20 April 1999)

**Insurance— automobile—liability—owned-vehicle exclusion—rental car**

An owned-vehicle exclusion in an automobile liability insurance policy which did not provide coverage for any vehicle other than the covered auto which was owned by the policy holder or furnished for his regular use did not apply to a rental auto. Although defendant contended that the rental car was a substi-

tute for an owned vehicle, it was neither a vehicle owned by the policyholder nor furnished for his regular use.

Appeal by defendant from summary judgment order filed 1 June 1998 by Judge James E. Ragan, III, in Craven County Superior Court. Heard in the Court of Appeals 16 March 1999.

*Ward and Smith, P.A., by A. Charles Ellis and Teresa DeLoatch Bryant, and Kennedy W. Ward, P.A., by Kennedy W. Ward, for plaintiff-appellee.*

*Dunn, Dunn, Stoller & Pittman, L.L.P., by Raymond E. Dunn, Jr., for defendant-appellant.*

LEWIS, Judge.

On 29 July 1993, plaintiff was involved in an automobile accident with one of defendant's insureds, John Brandt. Brandt held two separate policies issued by defendant: an Auto Policy which listed his 1988 Hyundai as the covered auto, and a Motorcycle Policy which listed his 1985 Yamaha motorcycle as the covered auto. Brandt was driving a rental vehicle at the time of the collision because his 1988 Hyundai was being repaired. Each policy contained identical language and liability limits of $100,000. Plaintiff sustained damages in excess of $225,000, and sought a determination of whether she may combine the liability coverages from Brandt's two policies. On 27 May 1998, the trial judge signed an order granting summary judgment for plaintiff. We affirm.

The rules of construction of insurance contracts are well established. Language must be given its ordinary, plain meaning unless a word is ambiguous; ambiguous words are those "reasonably capable of more than one meaning." *State Auto. Mut. Ins. Co. v. Hoyle*, 106 N.C. App. 199, 201, 415 S.E.2d 764, 765, *disc. review denied*, 331 N.C. 557, 417 S.E.2d 803 (1992). "Where the policy language is clear and unambiguous, the court's only duty is to determine the legal effect of the language used and to enforce the agreement as written." *Cone Mills Corp. v. Allstate Ins. Co.*, 114 N.C. App. 684, 687, 443 S.E.2d 357, 359 (1994), *disc. review improvidently allowed*, 340 N.C. 353, 457 S.E.2d 300 (1995). A court may not operate "under the guise of interpreting [an] ambiguous provision[]" to avoid enforcing the contract as written. *Id.* Furthermore, exclusionary clauses must be construed in favor of coverage. *See N.C. Farm Bureau Mut. Ins. Co. v. Walton*, 107 N.C. App. 207, 209, 418 S.E.2d 837, 839 (1992).

Brandt's policies, which are his insurance contracts with defendant, contain identical language. The policies provide, in pertinent part and with original emphasis:

**AGREEMENT**

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

**DEFINITIONS**

. . . .

*Your covered auto* means:

1. Any vehicle shown in the Declarations.

. . . .

4. Any auto or *trailer* not owned by you while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

a. breakdown;

b. repair;

c. servicing;

d. loss; or

e. destruction.

. . . .

PART A—LIABILITY COVERAGE—COVERAGE A

INSURING AGREEMENT

We will pay damages for *bodily injury* or *property damage* for which any *insured* becomes legally responsible because of an auto accident.

. . . .

*Insured* as used in this Part means:

1. You or any *family member* for the ownership, maintenance or use of any auto or *trailer*.

2. Any person using *your covered auto*.

3. For *your covered auto*, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or *trailer*, other than *your covered auto*, any person or organization but only with respect to legal responsibility for acts or omissions of you or any *family member* for whom coverage is afforded under this Part.

. . . .

**EXCLUSIONS**

. . . .

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle, other than *your covered auto*, which is:

a. owned by you; or

b. furnished for your regular use.

. . . .

The Automobile Policy lists Brandt as the named insured and the 1988 Hyundai as the covered vehicle. Defendant tendered its policy limits of $100,000 under the Automobile Policy to plaintiff because the rental car was a covered auto under section 4(b) of the definition of covered auto. Accordingly, the Motorcycle Policy alone is the subject of this appeal.

Under the Motorcycle Policy, Brandt is the named insured. Under the Insuring Agreement section of the policy, "insured" refers to Brandt for the use of "any auto." Defendant thus agreed to pay for bodily injury for which Brandt, using "any auto," became responsible because of an automobile accident. Plaintiff has met her burden of proving coverage under defendant's Motorcycle Policy. *See Kruger v. State Farm Mut. Auto. Ins. Co.*, 102 N.C. App. 788, 790, 403 S.E.2d 571, 572 (1991).

Defendant contends, however, that Exclusion B negates coverage under Brandt's Motorcycle policy. Defendant would have this Court

say as a matter of law that since the rental car was a substitute for an owned vehicle, it must be considered owned by Brandt or furnished for Brandt's regular use. Here, the rental car was neither a vehicle owned by Brandt nor a vehicle furnished for his regular use. *See N.C. Farm Bureau Mut. Ins. Co. v. Warren,* 326 N.C. 444, 446-47, 390 S.E.2d 138, 140 (1990) (holding that determination of "furnished for regular use" is fact specific inquiry and two general classes have emerged: where employer has furnished vehicle for employee and where vehicle has been purchased but title not yet transferred). We are without authority to rewrite defendant's contract for insurance, and we cannot say that a rental car, agreed by the parties to be a temporary substitute and for which Brandt paid, is a vehicle furnished for his regular use. We note that defendant is free to explicitly prevent this situation in the future with precise contractual language. *See, e.g., American Standard Ins. Co. of Wis. v. Ekeroth,* 791 P.2d 1220, 1221 (Colo. Ct. App.) (approving an auto insurer's limitation of liability clause that read "[t]he total limit of our liability under all policies issued to you by us shall not exceed the highest limit of liability under any one policy"), *cert. denied,* 797 P.2d 1299 (1990); *Butler v. Robinette,* 614 S.W.2d 944, 946-47 (Ky. 1981) (approving an auto insurer's limitation of liability clause which provided that if more than one policy was issued to an insured, the total liability of the company would not exceed the greater of the limits of the several policies).

Defendant has not met its burden of showing coverage is excluded under Brandt's Motorcycle Policy. *See Kruger,* 102 N.C. App. at 790, 403 S.E.2d at 572. Accordingly, we affirm the trial court's order of summary judgment for plaintiff.

Affirmed.

Judges GREENE and HORTON concur.