JAMES H. FAISON, JR. v. THE NEW HANOVER COUNTY BOARD OF
EDUCATION

No. 845SC1055

(Filed 18 June 1985)

**1. Schools § 13.2— dismissal of supervisor—timing of career teacher status**

      The court properly granted summary judgment for plaintiff on the issue
of whether he was entitled to the safeguards of the Teacher Tenure Act
before being demoted from his supervisory position where plaintiff had served
as Director of Vocational Education from April of 1977 through the 1982-1983
school year. The 1982 amendment to G.S. 115C-325(d)(2) showed that the
legislature intended to protect persons who had served as principals and
supervisors for at least three consecutive years regardless of whether this
time was served prior to attaining career teacher status.

**2. Schools § 13.2— dismissal of career supervisor—damages**

      Plaintiff, a former Director of Vocational Education, was entitled to a
salary adjustment to compensate him for any loss of salary and benefits where
he was improperly demoted by transfer to a lower-paying nonadministrative
position without being afforded the procedural safeguards of G.S. 115C-325
(d)(2).

APPEAL by defendant from *Tillery, Judge*. Order entered 16
August 1984 in Superior Court, NEW HANOVER County. Heard in
the Court of Appeals 9 May 1985.

      The plaintiff was employed to serve as the Director of Voca-
tional Education for the New Hanover County Schools on 1 April
1977. He continued to serve in that capacity during the 1977-1978,
1978-1979, 1979-1980, 1980-1981, 1981-1982, and the 1982-1983
school years. On 1 March 1983, the defendant decided not to con-
tinue plaintiff in this position for the 1983-1984 school year, but
instead offered him a position as a teacher of Trade and In-
dustrial Education at D. C. Virgo Junior High School. Plaintiff
sought to have the board's actions reviewed pursuant to the pro-
cedure set forth in the Teacher Tenure Act. The defendant denied
this request stating that plaintiff had not attained career status
as a supervisor and was, therefore, not entitled to the procedural
safeguards set forth in the act.

      In November 1983, plaintiff filed this action in which he
sought a judgment declaring that his job transfer was illegal and
unconstitutional, a judgment directing that he be reinstated as
Director of Vocational Education with back pay and benefits, and

attorney's fees pursuant to 42 U.S.C. § 1988. The defendant answered denying the dispositive allegations of the complaint and contending that while the defendant had attained career status as a teacher he had not attained such status as a supervisor.

On 16 August 1984, the court entered an order granting plaintiff partial summary judgment and holding that plaintiff had attained career status as a supervisor in the New Hanover County School System as of the date he was informed of the defendant's intention to remove him from his supervisor's position and reassign him to a teaching position. From this Order, the defendant appealed.

On 10 October 1984, the court ordered that the plaintiff be reinstated as Director of Vocational Education and that he be awarded back salary and benefits from the date of his demotion. The enforcement of this Order was stayed pending the resolution of the defendant's earlier appeal. No notice of appeal from this Order appears in the record on appeal.

On 25 October 1984, the plaintiff took a voluntary dismissal of his claim for attorney's fees filed pursuant to 42 U.S.C. 1988.

*Ferguson, Watt, Wallas & Adkins, by Frank E. Emory, Jr., for plaintiff appellee.*

*House, Hill, Jones, Nash & Lynch, by William L. Hill, II and David A. Nash, for defendant appellant.*

ARNOLD, Judge.

[1] The first question presented for review is whether the court properly concluded that the plaintiff had acquired career status as a supervisor in the New Hanover County School System as of the date of his demotion. To answer this question we must construe N.C. Gen. Stat. 115C-325(d)(2) as it existed at the time this controversy arose. N.C. Gen. Stat. 115C-325(d)(2) (1981 Cum. Supp.) provided that:

A career teacher who has performed the duties of a principal or supervisor in a particular position in the school system for three consecutive years shall not be transferred from that position to a lower-paying administrative position or to a lower-paying nonadministrative position without his consent

except for the reasons given in G.S. 115C-325(e) and in accordance with the procedure for the dismissal of a career teacher set out in this section.

The appellant argues that to be protected under this statute a person must obtain the status of a career teacher and perform the duties of a principal or supervisor for three consecutive years following his designation as a career teacher. In response, the appellee contends that to be protected one need only be designated as a career teacher and have served as a principal or supervisor for three consecutive years. He argues, however, that this three-year period need not be served after one becomes a career teacher but may be served at any time after employment by the school system.

"The cardinal principle of statutory construction is that the intent of the legislature is controlling. In ascertaining the legislative intent courts should consider the language of the statute, and what it seeks to accomplish. (Citations omitted.)" *State ex rel. Utilities Commission v. Public Staff*, 309 N.C. 195, 210, 306 S.E. 2d 435, 443-444 (1983). The language of the statute is ambiguous, therefore, we must look further to determine the intent of the legislature. Some evidence of the legislative intent is found in Chapter 770 of the 1983 Session Laws. In that bill the General Assembly enacted a bill entitled "An Act to Clarify the Provisions of the Fair Employment and Dismissal Act" which amended G.S. 115C-325(d)(2) to read as follows:

Whether or not he has previously attained career status as a teacher, a person who has performed the duties of a principal in the school system for three consecutive years or has performed the duties of a supervisor in the school system for three consecutive years shall not be transferred from that position to a lower paying administrative position or to a lower paying nonadministrative position without his consent except for the reasons given in G.S. 115C-325(e)(1) and in accordance with the provisions for the dismissal of a career teacher set out in this section. Transfer of a principal or a supervisor is not a transfer to a lower paying position if the principal's or supervisor's salary is maintained at the previous salary amount.

When a teacher has performed the duties of supervisor or principal for three consecutive years, the board, near the end of the third year, shall vote upon his employment for the next school year. The board shall give him written notice of that decision by June 1 of his third year of employment as a supervisor or principal. If a majority of the board votes to reemploy the teacher as a principal or supervisor, and it has notified him of that decision, it may not rescind that action but must proceed under the provisions of this section. If a majority of the board votes not to reemploy the teacher as a principal or supervisor, he shall retain career status as a teacher if that status was attained prior to assuming the duties of supervisor or principal. A supervisor or principal who has not held that position for three years and whose contract will not be renewed for the next school year shall be notified by June 1 and shall retain career status as a teacher if that status was attained prior to assuming the duties of supervisor or principal.

We believe that this amendment shows that the legislature intended by this section of the statute to protect persons who have served as principals and supervisors for at least three consecutive years regardless of whether this time was served prior to obtaining career teacher status. Believing this to be the intent of the legislature, we hold that the trial court properly concluded that the plaintiff was entitled to summary judgment on the issue of whether he was entitled to the procedural safeguards of the Teacher Tenure Act before being demoted from his supervisory position. The court order allowing partial summary judgment is affirmed.

[2] Defendant also contends that even if the court properly granted summary judgment it was error to order that the plaintiff be reinstated to his prior position and awarded the salary and benefits of that position. However, in its argument defendant admits that the court had the authority "to order an appropriate salary adjustment."

In his brief the plaintiff, while still arguing that he is entitled to reinstatement, states that he is willing "to accept the law award of back salary and benefits from the date of his demotion until a proper hearing can be held, and waive his right to rein-

statement as Vocational Education Director." Thus, there no longer exists a justiciable issue with regards to whether the plaintiff is entitled to reinstatement.

Under the terms of G.S. 115C-325(d)(2) the plaintiff might not be transferred to "a lower-paying nonadministrative position," without being afforded the procedural safeguards of the statute, since he was demoted without being afforded these safeguards he is entitled to a salary adjustment to compensate him for any loss of salary and benefits which he suffered because of this improper demotion.

Affirmed.

Judges MARTIN and PARKER concur.