RANDALL K. ROSE v. THE CURRITUCK COUNTY BOARD OF EDUCATION

No. 861SC626

(Filed 25 November 1986)

1. **Schools § 13.2— probationary principal—resignation—career teacher status retained**

    A career teacher assigned duties as a probationary principal may resign those duties and claim rights as a career teacher. N.C.G.S. § 115C-325(d)(2), N.C.G.S. § 115C-325(e).

2. **Schools § 13.2— action by career teacher—applicable statute of limitations**

    The applicable statute of limitations for an action against a school board by a career teacher who had been a probationary principal was N.C.G.S. § 1-52(2), for liability created by statute, not N.C.G.S. § 1-53(1), which applies to an action upon contract against a local unit of government.

3. **Schools § 13.2— resignation of probationary principal—issue of fact as to whether plaintiff resigned as career teacher—summary judgment improper**

    The trial judge did not err by denying plaintiff's motion for summary judgment in an action under the Teacher Tenure Act where there was a genuine issue of fact as to whether plaintiff intended to resign as a career teacher or whether he intended to resign only as a principal.

APPEAL by plaintiff from *Brown, Judge.* Judgment entered 20 February 1986 in Superior Court, CURRITUCK County. Heard in the Court of Appeals 18 November 1986.

This is a civil action in which plaintiff seeks reinstatement as a classroom teacher in defendant's school system, back pay and other benefits arising out of defendant's alleged violation of the Teacher Tenure Act codified as G.S. 115C-325. In its answer, defendant admitted plaintiff was a career teacher who could not be demoted or dismissed without compliance with the Tenure Act, but asserted that plaintiff had not been dismissed but had resigned and was, therefore, not covered by the Act.

Both parties moved for summary judgment and materials submitted at the hearing established the following:

Plaintiff was first employed as a teacher in 1971 and obtained career status at the beginning of the 1975-1976 school year pursuant to G.S. 115C-325(a)(6) and (c)(1). Thereafter, plaintiff was assigned duties as principal for the school years 1980-1981, 1981-1982 and had been employed as a probationary principal for 1982-1983. Plaintiff was not offered nor did he sign any principal's contract for any of these years, but he was paid a principal's salary.

Plaintiff wrote a number of letters to School Superintendent Jeanne Meiggs, which are attached as exhibits to her affidavit. One letter, dated 18 May 1982, asks for a letter of recommendation so that plaintiff can consider other employment possibilities both in and out of education and expresses the hope that he will be remembered for his positive contributions, not his failures, to the system. Another letter dated July 1982 expresses plaintiff's disappointment and distress at being humiliated before the Board of Education and his fellow workers, states that he wants to leave Currituck quietly and with no harsh feelings and again asks for a letter of recommendation so that he can get a fresh start in another area.

A third letter, dated 16 July 1982, and delivered by plaintiff to Superintendent Meiggs read in part:

Dear Board Members,

I hereby resign my duties and responsibilities as principal of J. P. Knapp Jr. High School effective Friday, August 20, 1982. . . .

I would be willing to consider accepting a regular teaching position here in the county and don't intend to give up my status as a tenured teacher. If you are unwilling to honor my career status as a tenured teacher then I am willing to accept a monetary settlement in lieu of my tenure. If you do not intend to offer me either a position or a monetary settlement then I will seek relief through the court system.

Plaintiff received a response dated 16 July 1982 from Superintendent Meiggs which read in its entirety:

Your letter of resignation dated July 16, 1982 effective August 20, 1982 is hereby accepted.

Please be advised that effective, August 20, 1982 you are hereby released from all obligations of your contract of employment with the Currituck County Board of Education.

In his affidavit plaintiff stated:

8. That in the spring of 1982, I informed Superintendent Meiggs that as she was unsatisfied with my performance in the principal's position that I wished to return to a teaching position.

In her affidavit in response, Superintendent Meiggs denied this assertion and further stated:

10. Subsequent to July 16, 1982 I never received any communications of any nature whatsoever from Mr. Rose that he was interested in employment with the Currituck County Schools, the 1983 school year began without Mr. Rose having ever made any inquiry of his assignments, if any, and, on the basis of his previous correspondence to me and the contents of his letter of July 16, 1982 it was my understanding that he had resigned his position with the Currituck County Schools and that I, in accord with the appropriate section of G.S. 115C-325 had released him from his contractual obligations to the school to enable him to pursue other

endeavors as he had indicated to me he wished to do in previous correspondence.

11. Mr. Rose never contacted me about the contents of my July 16, 1982 letter to him accepting his resignation nor, to the best of my knowledge did he ever contact any school official about the same to in any way indicate that there was any misunderstanding.

. . .

14. At the time of Mr. Rose's resignation on July 16, 1982 there were no teaching positions available in Currituck County for which he was certified that had not been filled at the time of his resignation.

Based on the materials submitted, defendant's motion for summary judgment was granted and plaintiff appealed.

*Ferguson, Stein, Watt, Wallas and Adkins, P.A., by John W. Gresham for plaintiff-appellant.*

*White, Hall, Mullen, Brumsey and Small by William Brumsey, III, for defendant-appellee.*

PARKER, Judge.

[1] Plaintiff assigns error to the trial court's granting of summary judgment for defendant. In deciding whether this assignment of error is meritorious, we must resolve the underlying question whether, as a matter of law, under the Teacher Tenure Act, a career teacher assigned duties as a probationary principal can resign those duties and claim rights as a career teacher.

We note at the outset that G.S. 115C-325 (formerly G.S. 115-142) does not address this specific question. In construing the statute, we must endeavor to ascertain the legislative intent from the language of the statute and its purpose. The recognized purpose of the Teacher Tenure Act is to provide greater job security for career public school teachers by granting tenure to educators who successfully complete a probationary status. *Thompson v. Board of Education*, 292 N.C. 406, 233 S.E. 2d 538 (1977).

As originally drafted, the statute did not contain the second paragraph of G.S. 115C-325(d)(2). This paragraph was added by the

1983 amendment enacted in Chapter 770 of the 1983 Session Laws and entitled "An Act to Clarify the Provisions of the Fair Employment and Dismissal Act." Under this provision, a person retains his or her status as a career teacher during the probationary period as a principal. G.S. 115C-325(d)(2). Therefore, in the instant case, the school board could not have refused to renew plaintiff's principal's contract and dismissed him from employment without satisfying the procedural requirements set forth in G.S. 115C-325(e) for a career teacher.

Defendant argues that because plaintiff resigned he automatically forfeited his rights as a career teacher and the dismissal procedures for career teachers are inapplicable. We do not agree. To hold that a probationary principal cannot resign as a principal and assert his or her rights as a career teacher, in our judgment, would discourage career teachers from seeking to become career principals. Experience teaches that some people who are excellent teachers may discover after a year or two years that they are not suited either by reason of ability or personal preference to administrative duties. For such a person to be forced to sacrifice everything he has earned as a career teacher in order to extricate himself from an administrative position during the probationary period is not in keeping with either the intent or spirit of the Teacher Tenure Act. On the other hand, public policy protecting the best interests of the students and the educational system dictates that the Board of Education and the superintendent should not be permitted to circumvent the statutory requirements respecting a career teacher by letting an unsatisfactory situation continue. We hold, therefore, that plaintiff as a probationary principal had a statutorily protected right in his job as a career teacher and that, absent plaintiff's resignation as a career teacher, defendant could not take this right away without affording him the statutorily mandated procedures of notice and hearing.

[2]   Defendant also argues that plaintiff's action filed 25 March 1985 was barred by the two year statute of limitations set out in G.S. 1-53(1), which applies to an action upon a contract against a local unit of government. We do not agree. In our view, the applicable statute of limitations is the three year statute in G.S. 1-52(2) "upon a liability created by statute," and plaintiff's action is not barred.

Since defendant has not shown entitlement to summary judgment as a matter of law, it was error for the trial court to enter summary judgment for defendant. G.S. 1A-1, Rule 56.

[3] Next, we must determine whether the trial court should have granted plaintiff's motion for summary judgment. We hold that the trial court did not err in denying plaintiff's motion. A motion for summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Zimmerman v. Hogg and Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). Considering the affidavits of both parties, including the exhibits attached thereto, we hold there exists a genuine issue of fact as to whether plaintiff intended to resign as a career teacher or whether he intended to resign only as a principal.

In making its determination, the jury is entitled to consider all evidence bearing on the circumstances surrounding plaintiff's resignation including, but not limited to, evidence, if any, of discussions with the superintendent and members of the Board of Education in the spring of 1982 concerning a teaching position, correspondence and conferences between plaintiff and the superintendent and plaintiff's conduct subsequent to the 16 July 1982 letters.

If the jury should determine that plaintiff intended to resign only from his position as a principal, and not as a teacher, then plaintiff would be entitled to a salary adjustment to compensate him for loss of salary and benefits which he suffered because of his improper dismissal. *See Faison v. New Hanover Co. Board of Education*, 75 N.C. App. 334, 330 S.E. 2d 511 (1985).

The order appealed from is reversed and this cause is remanded for a full trial on the merits.

Reversed and remanded.

Judges WEBB and EAGLES concur.