A. MARK ESPOSITO, PLAINTIFF v. TALBERT & BRIGHT, INC. AND
JOHN T. TALBERT, III, DEFENDANTS

No. COA06-572

(Filed 20 February 2007)

## 1. Wrongful Interference— tortious interference with contract—employment—no evidence that termination sought by defendants

The trial court did not err by granting defendants summary judgment on a claim for tortious interference with contract arising from the dismissal of plaintiff from his employment with NCDOT. Taking all of plaintiff's evidence as true and drawing all inferences in his favor, plaintiff did not produce evidence that defendants sought the termination.

## 2. Unfair Trade Practices— termination of employment—commerce not affected

The trial court did not err by granting defendants summary judgment on a claim for unfair and deceptive trade practices arising from the termination of plaintiff's employment where there was no forecast of evidence that defendants' statements had any impact beyond the employment relationship. Plaintiff did not show that defendants' statements and actions were in or affecting commerce.

## 3. Conspiracy— civil—no separate claim

There is no separate claim for civil conspiracy in North Carolina (although such a claim may associate the defendants for evidentiary purposes), and summary judgment was properly granted for defendants on a civil conspiracy claim where it was also properly granted on the underlying claims.

Appeal by plaintiff from order dated 22 November 2005 by Judge Ronald L. Stephens in Wake County Superior Court. Heard in the Court of Appeals 10 January 2007.

*Bailey & Dixon, LLP, by J. Heydt Philbeck, for plaintiff-appellant.*

*Jackson, Mills & Carter, P.A., by F. Darryl Mills, for defendant-appellees.*

BRYANT, Judge.

A. Mark Esposito (plaintiff) appeals from an order dated 22 November 2005 granting summary judgment in favor of Talbert & Bright, Inc., and John T. Talbert, III (defendants) as to all of plaintiff's claims. For the reasons below, we affirm the order of the trial court.

*Facts*

From 1983 until 12 June 2000, plaintiff was employed by the North Carolina Department of Transportation (NCDOT), Division of Aviation. Plaintiff was NCDOT's project manager for a runway expansion project (the Project) involving the Brunswick County Airport in Brunswick County, North Carolina. At the time plaintiff was managing the Project, his immediate supervisor was Richard Barkes, the Airport Development Manager. The Aviation Director, William Williams, was Barkes' immediate supervisor, and Deputy Secretary David King was Williams' immediate supervisor. Talbert & Bright, Inc. is an engineering firm which provides consulting engineering services and was hired by the Brunswick County Airport Authority to be the consulting engineer for the Project. John T. Talbert, III was an officer and director of Talbert & Bright, Inc.

On 3 April 2000 a meeting occurred between, among others, Williams and Talbert. At this meeting the attendees discussed communication and personnel concerns relating to the Project, including several complaints concerning plaintiff's role in the project and possible ethical violations by plaintiff.

On 12 May 2000, Williams initiated disciplinary action against plaintiff by placing him on administrative leave. Subsequently, Williams terminated plaintiff's employment with NCDOT. Plaintiff challenged his employment termination pursuant to the State Personnel Act, and the Office of Administrative Hearings subsequently overturned plaintiff's termination finding he was terminated without just cause. Plaintiff has been reinstated to a job with NCDOT, but it is outside of his career field.

*Procedural History*

On 8 October 2004, plaintiff filed suit against defendants, alleging claims for tortious interference with contract, unfair and deceptive trade practices, and civil conspiracy. Defendants filed their answer in this case on 7 December 2004. On 18 July 2005, defendants filed a motion for summary judgment, which was granted by the trial court by Order dated 22 November 2005. Plaintiff appeals.

----

Plaintiff argues the trial court erred in granting summary judgment in favor of defendants on his claims of tortious interference with contract, unfair and deceptive trade practices, and civil conspiracy. We disagree.

*Standard of Review*

Under Rule 56(c) of the North Carolina Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). "The burden is upon the moving party to show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *McGuire v. Draughon*, 170 N.C. App. 422, 424, 612 S.E.2d 428, 430 (2005) (citing *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982)). The moving party may meet its burden "by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." *Collingwood v. Gen. Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citation omitted).

Once the moving party meets its burden, the nonmovant, in order to survive the summary judgment motion, must "produce a forecast of evidence demonstrating that the [nonmovant] will be able to make out at least a *prima facie* case at trial." *Id.* at 66, 376 S.E.2d at 427 (citation omitted). The nonmovant "may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." N.C. Gen. Stat. § 1A-1, Rule 56(e) (2005). However, "[a]ll facts asserted by the [nonmoving] party are taken as true and their inferences must be viewed in the light most favorable to that party." *Dobson v. Harris,*

352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (internal citations omitted). On appeal, this Court reviews an order granting summary judgment *de novo. McCutchen v. McCutchen,* 360 N.C. 280, 285, 624 S.E.2d 620, 625 (2006).

### Tortious Interference with Contract

[1] Plaintiff first argues the trial court erred in granting defendants summary judgment as to his claim of tortious interference with his contract for employment with NCDOT. To establish a claim for tortious interference with contract, plaintiff must show:

> "(1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to plaintiff."

*Beck v. City of Durham,* 154 N.C. App. 221, 232, 573 S.E.2d 183, 191 (2002) (quoting *United Labs., Inc. v. Kuykendall,* 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988)). "A plaintiff may maintain a claim for tortious interference with contract even if the employment contract is terminable at will." *Bloch v. Paul Revere Life Ins. Co.,* 143 N.C. App. 228, 239, 547 S.E.2d 51, 59 (2001) (citation omitted).

Here, defendants produced evidence challenging plaintiff's ability to establish that they intentionally induced NCDOT to terminate the employment of plaintiff. Plaintiff's attempts at forecasting evidence supporting this element of his claim fall short of meeting his required burden. Even taking all of plaintiff's evidence as true, and drawing all inferences in his favor, plaintiff's forecast of evidence does not show defendants intentionally *induced* NCDOT to terminate plaintiff's employment. Defendants' allegations and problems with plaintiff were but one of six instances of unacceptable conduct upon which NCDOT based the termination of plaintiff's employment. Plaintiff has not produced any evidence indicating defendants actually sought the termination of plaintiff's employment with NCDOT. Further, given the sworn affidavits of Williams, Barkes, and King, all stating that defendants did not induce the termination of plaintiff's employment, any inference drawn from defendants' statements and conduct suggesting otherwise is too tenuous to defeat summary judgment. *See White v. Cross Sales & Eng'g Co.,* 177 N.C. App. 765, 770, 629 S.E.2d 898, 901 (2006) (upholding summary judgment in favor of the defendant where the plaintiff relied "only on an allegation, with no proof," that the

third party intentionally induced her firing). Therefore, plaintiff has failed to forecast evidence demonstrating he will be able to make out at least a *prima facie* case at trial and the trial court did not err in granting summary judgment for defendants as to plaintiff's claim for tortious interference with contract.

### Unfair and Deceptive Trade Practices

[2] Plaintiff next argues the trial court erred in granting defendants summary judgment as to his claim of unfair and deceptive trade practices. "To prevail on a claim of unfair and deceptive trade practices, a plaintiff must show: (1) defendants committed an unfair or deceptive act or practice; (2) in or affecting commerce; and (3) that plaintiff was injured thereby." *Strickland v. Lawrence*, 176 N.C. App. 656, 665, 627 S.E.2d 301, 307 (2006) (citation and quotations omitted); *see also* N.C. Gen. Stat. § 75-1.1 (2005) (declaring unfair or deceptive acts or practices in or affecting commerce unlawful). This Court has further held that:

> The primary purpose of G.S. § 75-1.1 is to provide a private cause of action for consumers. Although commerce is defined broadly under G.S. § 75-1.1(b) as all business activities, however denominated, the fundamental purpose of G.S. § 75-1.1 is to protect the consuming public. Typically, claims under G.S. § 75-1.1 involve [a] buyer and seller. Thus, the statute usually is not applicable to employment disputes. Nonetheless, the mere existence of an employer-employee relationship does not in and of itself serve to exclude a party from pursuing an unfair trade or practice claim. The proper inquiry is not whether a contractual relationship existed between the parties, but rather whether the defendants' allegedly deceptive acts *affected* commerce. What is an unfair or deceptive trade practice usually depends upon the facts of each case and the impact the practice has in the marketplace.

*Durling v. King*, 146 N.C. App. 483, 488-89, 554 S.E.2d 1, 4 (2001) (internal citations and quotations omitted).

Here, as in Issue I, *supra*, plaintiff's claim is based upon defendants' statements and actions to plaintiff's supervisors. Assuming *arguendo* that defendants' statements and actions were unfair or deceptive acts or practices that injured plaintiff, plaintiff has forecast no evidence that defendants' statements and actions had any impact beyond his employment relationship with NCDOT. Therefore plaintiff has failed to show defendants' statements and actions were "in or affecting commerce" and the trial court did not err in granting sum-

mary judgment for defendants as to plaintiff's claim for unfair and deceptive trade practices.

### Civil Conspiracy

[3] Plaintiff lastly argues the trial court erred in granting defendants summary judgment as to his claim of civil conspiracy. It is well established that "there is not a separate civil action for civil conspiracy in North Carolina." *Dove v. Harvey*, 168 N.C. App. 687, 690, 608 S.E.2d 798, 800 (2005) (citing *Shope v. Boyer*, 268 N.C. 401, 150 S.E.2d 771 (1966)), *disc. rev. denied*, 360 N.C. 289, 628 S.E.2d 249 (2006). "The charge of conspiracy itself does nothing more than associate the defendants together and perhaps liberalize the rules of evidence to the extent that under proper circumstances the acts and conduct of one might be admissible against all." *Id.* (citation and quotations omitted).

Plaintiff argues that civil conspiracy should attach to defendants for their statements and actions which underlie plaintiff's claims for tortious interference with contract and unfair and deceptive trade practices. As we have held that summary judgment for defendants on these claims was proper, plaintiff's claim for civil conspiracy must also fall. Therefore, the trial court did not err in granting summary judgment for defendants as to plaintiff's claim for civil conspiracy.

Affirmed.

Judges McGEE and ELMORE concur.