VONNIE MONROE HICKS, III, Plaintiff v. WAKE COUNTY BOARD OF EDUCATION, Defendant

No. COA07-243

(Filed 4 December 2007)

**Statutes of Limitation and Repose— declaratory judgment— liability created by statute instead of contract**

Although the trial court erred by applying the wrong statute of limitations in a declaratory judgment action to determine plaintiff teacher's rights under N.C.G.S. § 115C-325, even using the correct statute of limitations plaintiff is still barred from bringing his complaint, because: (1) plaintiff's claim for declaratory judgment was not based upon any contract with defendant, but rather was based on a liability created by statute requiring a three-year statute of limitations under N.C.G.S. § 1-52(2); (2) plaintiff's right to bring this claim arose on 16 June 2001 based on defendant's failure to vote on plaintiff's career status by 15 June 2001, and plaintiff did not file his complaint until 15 June 2005; and (3) although plaintiff contends defendant's failure to vote on

his career status constituted a continuing wrong or continuing violation tolling the statute of limitations, there was no statutory requirement that a school board must consider a teacher's career status once each month following the original 15 June deadline since N.C.G.S. § 115C-325(c)(2)(c) provides a mechanism for calculating the amount of a school board's liability for failing to timely vote on a teacher's career status.

Appeal by plaintiff from an order entered 11 October 2006 by Judge Donald Stephens in Wake County Superior Court. Heard in the Court of Appeals 11 October 2007.

*Thomas Hicks & Associates, PLLC, by Thomas S. Hicks, for plaintiff-appellant.*

*Tharrington Smith, L.L.P., by Jonathan A. Blumberg and Deborah A. Stagner, for defendant-appellee.*

BRYANT, Judge.

Vonnie Monroe Hicks, III (plaintiff) appeals from an order entered 11 October 2006 granting summary judgment in favor of the Wake County Board of Education (defendant). For the reasons stated herein, we affirm the order of the trial court.

*Facts*

In August of 1999, plaintiff was hired to teach at Enloe High School in the Wake County Public School System (WCPSS). Plaintiff previously taught at a variety of public and private schools in both North Carolina and California. As part of the hiring process, plaintiff submitted a written application to WCPSS Human Resources, to which he attached a multi-page resume. While plaintiff's resume states he taught in Winston-Salem/Forsyth County schools from 1984 through 1996, his application form indicates he was a teacher there from 1994 through 1996. The WCPSS application form also contains the questions "Have you ever received tenure in another school system?" and "If so, when and where?" Plaintiff left both questions blank. Plaintiff knew that he had previously obtained career status in a North Carolina school system, but he did not reveal this information during the application and hiring process with WCPSS.

Plaintiff was aware by the summer of 2001 that he should have received career status in WCPSS. In December 2002, plaintiff

received an e-mail from a secretary at his school asking if 2003 was his tenure year. Plaintiff replied that he thought this had already happened, but that "I am easy—just want to get it right."

In the Spring of 2003, near the end of plaintiff's fourth year at Enloe High School, plaintiff was informed by an assistant principal that he would be observed frequently because he was in his "tenure year." Again, plaintiff responded that he thought he already had tenure. On 2 April 2003, plaintiff sent a memorandum to Enloe High School's administration stating, in pertinent part, that he was concerned to hear "once again" that he was considered a probationary teacher and that he preferred "teaching at Enloe to receiving two years of monthly salary cheques for not doing so."

The Wake County Board of Education subsequently voted to grant plaintiff career status as a teacher in WCPSS, and plaintiff was notified of this decision by letter dated 27 May 2003. Plaintiff admits that he has received his full salary from WCPSS and was not financially prejudiced.

### Procedural History

On 15 June 2005, plaintiff filed a complaint in Wake County Superior Court alleging claims for a declaratory judgment as to his rights under N.C. Gen. Stat. § 115C-325 and for breach of contract. Defendant filed an answer on 19 August 2005, raising, *inter alia*, the affirmative defenses of estoppel and a two-year statute of limitations applicable to contract claims against school boards. Defendant filed a motion for summary judgment on 22 June 2006, once again raising, *inter alia*, the affirmative defenses of estoppel and a two-year statute of limitations applicable to contract claims against school boards pursuant to N.C. Gen. Stat. § 1-53(1). Plaintiff filed a response to the motion for summary judgment on 28 September 2006. On 11 October 2006, the trial court entered an order granting summary judgment based upon the two-year statute of limitations and the doctrine of estoppel. Plaintiff appeals.

Plaintiff raises the issues of whether the trial court erred by granting summary judgment in favor of defendant based upon: (I) plaintiff's claim being barred by a two-year statute of limitations as his right to bring this action accrued on 16 June 2001; and (II) the doctrine of estoppel.

## Standard of Review

Under Rule 56(c) of the North Carolina Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). " 'The burden is upon the moving party to show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.' " *Esposito v. Talbert & Bright, Inc.*, 181 N.C. App. 742, 744, 641 S.E.2d 695, 696 (2007) (quoting *McGuire v. Draughon*, 170 N.C. App. 422, 424, 612 S.E.2d 428, 430 (2005)). One means by which the moving party may meet its burden is by showing the opposing party " 'cannot surmount an affirmative defense which would bar the claim.' " *Id.* (quoting *Collingwood v. Gen. Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)). "On appeal, this Court reviews an order granting summary judgment *de novo.*" *Id.* at 744, 641 S.E.2d at 697 (citing *McCutchen v. McCutchen*, 360 N.C. 280, 285, 624 S.E.2d 620, 625 (2006)).

· I

Plaintiff first argues the trial court erred in applying the wrong statute of limitations to his claim for declaratory judgment and in holding this claim was barred by this statute of limitations. Plaintiff concedes that the trial court did not err in granting summary judgment as to his claim for relief for breach of contract. We agree that the trial court applied the wrong statute of limitations to his claim for declaratory judgment; however, even using the correct statute of limitations, plaintiff is still barred from bringing his claim.

Plaintiff's claim for declaratory judgment is founded upon the requirements set forth in N.C. Gen. Stat. § 115C-325, the applicable version of which provided:

> Employment of a Career Teacher.—A teacher who has obtained career status in any North Carolina public school system need not serve another probationary period of more than two years. The board may grant career status immediately upon employing the teacher, or after the first or second year of employment. If a majority of the board votes against granting career status, the teacher shall not teach beyond the current term. If after two years of employment, the board fails to vote on the issue of granting career status:

a. It shall not reemploy [sic] the teacher for a second consecutive year;

b. As of June 16, the teacher shall be entitled to one month's pay as compensation for the board's failure to vote upon the issue of granting career status; and

c. The teacher shall be entitled to one additional month's pay for every 30 days beyond June 16 that the board fails to vote upon the issue of granting career status.

N.C. Gen. Stat. § 115C-325(c)(2) (2001).

The trial court held plaintiff's claim was barred by a two-year statute of limitations pursuant to N.C. Gen. Stat. § 1-53(1) (2005) (stating a plaintiff must file an action within two years when the claim is "against a local unit of government upon a contract, obligation or liability arising out of a contract, express or implied"). Plaintiff's claim for declaratory judgment is not based upon any contract with defendant, but rather is based on a liability created by statute and thus a three-year statute of limitations applies. N.C. Gen. Stat. § 1-52(2) (2005) (stating a plaintiff must file an action within three years when the claim is "[u]pon a liability created by statute"); *see also Rose v. Currituck County Bd. of Educ.*, 83 N.C. App. 408, 411-12, 350 S.E.2d 376, 378-79 (1986) (holding the applicable statute of limitations for a claim brought under N.C.G.S. 115C-325 is the three-year statute in N.C.G.S. 1-52(2)). However, plaintiff's claim for declaratory judgment is still barred by the three-year statute of limitations as the trial court did not err in finding plaintiff's right to bring this claim arose on 16 June 2001.

Defendant hired plaintiff as a teacher in August of 1999 and because plaintiff had obtained career status in the Winston-Salem/Forsyth public school system, defendant was required to vote on plaintiff's career status by 15 June 2001. N.C.G.S. § 115C-325(c)(2) (2001). Defendant did not vote on plaintiff's career status by 15 June 2001 and the consequences for its failure to do so, including plaintiff's right to sue, began on 16 June 2001. *Id.*; *Williams v. Blue Cross Blue Shield of N.C.*, 357 N.C. 170, 178-79, 581 S.E.2d 415, 423 (2003) ("a cause of action accrues as soon as the right to institute and maintain a suit arises"). Plaintiff argues, however, that defendant's failure to vote on his career status constitutes a continuing wrong or continuing violation tolling the statute of limitations.

Our Supreme Court has "recognized the 'continuing wrong' or 'continuing violation' doctrine as an exception to the general rule." *Williams*, 357 N.C. at 179, 581 S.E.2d at 423 (citing *Faulkenbury v. Teachers' & State Employees' Ret. Sys.*, 345 N.C. 683, 694-95, 483 S.E.2d 422, 429-30 (1997)). "When this doctrine applies, a statute of limitations does not begin to run until the violative act ceases." *Id.* (citations and quotations omitted). To determine whether plaintiff is subject to a continuing violation,

> we examine [the] case under a test that considers the particular policies of the statute of limitations in question, as well as the nature of the wrongful conduct and harm alleged . . . . In particular, we must examine the wrong alleged by [plaintiff] to determine if the purported violation is the result of continual unlawful acts, each of which restarts the running of the statute of limitations, or if the alleged wrong is instead merely the continual ill effects from an original violation.

*Id.* (internal citations and quotations omitted).

Defendant contends that because N.C.G.S. § 115C-325(c)(2)(c) provides that a teacher is entitled to an additional month's pay every thirty days that a school board fails to vote upon the issue of granting the teacher's career status, each month a school board fails to vote constitutes a new and continuing wrong against plaintiff. We disagree.

N.C. Gen. Stat. § 115C-325(c)(2)(c) provides a mechanism for calculating the amount of a school board's liability for failing to timely vote on a teacher's career status. There is no statutory requirement that a school board must consider a teacher's career status once each month following the original 15 June deadline. Rather, a teacher's entitlement to an additional month's pay for every thirty days that a school board fails to vote upon the issue of granting the teacher's career status is a continual ill effect from the original violation. Therefore, plaintiff's right to bring his claim under N.C.G.S. § 115C-325(c)(2) arose on 16 June 2001. Plaintiff did not file his complaint until 15 June 2005 and his claim is barred by the three-year statute of limitations. This assignment of error is overruled.

In light of our ruling on this assignment of error, we need not address plaintiff's remaining argument.

Affirmed.

Judges STEELMAN and GEER concur.